[Crim. No. 4398.   Second Dist., Div. One.   Dec. 28, 1949.]

THE PEOPLE, Respondent, v. MAX RENNERT et al., Appellants.

John J. Bradley and Max Soloman for Appellants.

Fred N. Howser, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

DORAN, J.—The defendants are charged by information with three counts of robbery. Adjudged guilty by a jury, the appeal herein is from the judgment and the order denying a motion for a new trial.

The facts briefly are as follows. On September 18, 1948, about 10 a.m. Louis Harmell answered the doorbell; "that upon opening the door a man confronted him with a gun in his right hand and forced himself and Mrs. Harmell, who was directly behind him into the living room of the residence where they were forced to sit down; shortly thereafter a second party entered through the front door holding his hand in his pocket simulating a gun; that after the Harmells were forced to sit down in their living room the colored maid, Ardalia Smith and her girl friend, Mamie Simpson, came to the living room from the rear of the house and were also forced to sit down in the front room. That upon gaining entrance to the Harmell residence and while in the living room, the first party to enter demanded from Mr. Harmell his valubles and money, taking several hundred dollars; that this party also instructed Mr. Harmell to take off his ring to which Harwell replied 'That ring will cause you nothing but trouble—it is a Masonic ring and I don't think it will do you any good, That the Masonic ring being worn by Mr. Harmell was valued at about $400.00 or $500.00." Money and other valuable jewelry was taken. The victims were taken to the back bedroom, bound and placed in a closet.

Defendants were arrested two or three months later. At the trial Ardalia Smith and Mamie Simpson identified defendants; Mr. and Mrs. Harmell were not "sure."

Two officers testified to a confession by defendant Rennert and to the further fact that when Rennert's confession was restated to defendant Fisherman the only reply was, "That's not quite right."

It is contended on appeal that "the verdict is contrary to the law and the evidence"; that the court erred in admitting certain testimony.

A review of the record reveals the evidence to be sufficient.

With regard to the evidence of the confession, appellant appears to believe that because the defendant at first denied any guilt, that evidence of the confession which followed later inquires is inadmissible. There is no such rule; evidence of the confession on such circumstances is properly admitted.

It appears from the record that defendant Rennert's confession was repeated to defendant Fisherman at the con-

clusion of which defendant Fisherman replied, ''That's not quite right.'' It is contended that the court's ruling on defendant Fisherman's objection to such evidence was error. The evidence was properly admitted. As pointed out by respondent, ''It will be noted that this statement ('That's not quite right') was not a flat denial, but was certainly an equivocal statement, susceptible of the inference of guilt.''

It appears from the record that someone had telephoned the witness Mrs. Harmell in connection with which the following question was asked on direct examination, ''Now, since that occasion, since the robbery, have you had any telephone calls from people you didn't know regarding your identification of these defendants? A. Yes, sir.'' Objections followed which were overruled. Then followed, ''Q. By Mr. Johnson: And did you know who that person was either by recognizing the voice or by having them identify themselves? A. No, sir.''

It is contended that the admission of such testimony was error and prejudicial. It may be conceded that the ruling was error but does not follow that such evidence was prejudicial. On the contrary it appears of little importance and therefore, must be disregarded. Article VI, section 4½ of the Constitution, in effect, so provides.

There are no prejudicial errors in the record, wherefore the judgment and orders are affirmed.

White, P. J., and Drapeau, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 26, 1950.